UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **FLOYD JUNIOR JAYCOX,** § § | |
| Petitioner, § § | |
| v. § | **CIVIL ACTION V-05-92** |
| § | |
| **DOUGLAS DRETKE, Director, Texas** § | |
| **Department of Criminal Justice,** § | |
| **Institutional Division,** § § | |
| Respondent. § | |

### MEMORANDUM ON DISMISSAL

Floyd Junior Jaycox ("Jaycox"), a prisoner of the Texas Department of Criminal Justice - Criminal Institutional Division (TDCJ-CID), filed a petition for a writ of habeas corpus challenging a state court conviction. Having examined the pleadings and the applicable law, the court dismisses this action for failure to exhaust state court remedies.

### I.  Procedural History

Jaycox was charged with burglary of a habitation. He entered a plea of guilty. The trial court accepted the plea, found Jaycox guilty as charged, and sentenced him to 35 years imprisonment. *State v. Jaycox*, No. 2002-12-5846 (24th Dist. Ct., Calhoun County, Tex., Nov. 4, 2004). Jaycox appealed his conviction, and the appeal was still pending when he filed the present habeas action in this court.

### II.  Analysis

Under 28 U.S.C. § 2254, a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts. *See Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997). To exhaust his state remedies, the petitioner must fairly present the substance of his claim to the state courts. *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)).

Exhaustion requires that the federal claims have been fairly presented to the highest court

of the state.  *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).  In Texas, a petitioner satisfies this requirement by presenting his claims to the Texas Court of Criminal Appeals by filing a petition for discretionary review or, in post-conviction matters, by filing a state application for a writ of habeas corpus.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985).  Jaycox has filed a direct appeal, which is evidently still pending.  The Court has visited the website of the Texas Court of Criminal Appeals and has confirmed that Jaycox filed a state application for writ of habeas corpus on September 14, 2005.  *See Texas Court of Criminal Appeals Website*, *available at http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2210600* (last visited Oct. 7, 2005).  Although Jaycox arguably presented his claims to the Texas Court of Criminal Appeals, he erroneously filed his habeas petition with that Court.  The Court of Criminal Appeals dismissed the writ because a direct appeal was still pending.  *See id.*, *available at http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2210600* (last visited Oct. 7, 2005)*.*  The Texas Court of Criminal Appeals has stated "[i]n our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits.  *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).  A claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."  *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988) (alteration and internal question marks omitted).  Thus, the Texas Court of Criminal Appeals was denied a fair opportunity to consider Jaycox's claims.  *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). Because Jaycox filed his state habeas petition improperly; his claims remain unexhausted until they have been presented to and ruled

2

upon by Texas Court of Criminal Appeals.  *See Bryant v. Henderson*, 464 F.2d 560, 561 (5th Cir. 1972).

Accordingly, this cause of action is DISMISSED, without prejudice, for failure of Jaycox to present his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

### III.    Denial of Certificate of Appealability

Should Jaycox file an appeal challenging this dismissal, the court DENIES issuance of a certificate of appealability because he has failed to make a credible showing that he has exhausted his remedies as stated in this order.  *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir.1997).

### Conclusion

The court ORDERS the following:

1.    Jaycox's motion to proceed *in forma pauperis* (Docket Entry No. 1) is GRANTED.

2.    Jaycox's motion for hearing (Docket Entry No. 3) is DENIED.

3.    This action is DISMISSED without prejudice.

4.    A certificate of appealability is DENIED.

5.    The Clerk will provide a copy of this Memorandum on Dismissal to Jaycox, and will provide a copy of the petition and this Memorandum on Dismissal to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

Signed on this 14th day of October, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE